Asher Mayo, Jacob Mayo, and Al Mayo v. Commissioner.
Mayo v. Commissioner
Docket Nos. 28838, 28839, 28840.
United States Tax Court
1951 Tax Ct. Memo LEXIS 50; 10 T.C.M. (CCH) 1060; T.C.M. (RIA) 51324; October 30, 1951
*50 Vincent B. Lewin, Esq., for the petitioners. Robert M. Willan, Esq., for the respondent. MURDOCK
Memorandum Findings of Fast and Opinion The Commissioner made the following determinations for 1946: Docket
Addition Under
No.
Petitioner
Deficiency
Section 294(d)
28838
Asher Mayo
$ 4,267.41
$119.78
28839
Jacob Mayo
$11,659.85
$514.69
28840
Al Mayo
$ 4,560.77
$114.82
The petitioners allege that the Commissioner erred (1) in determining that the petitioners understated their income from the partnership of Mayo Brothers; (2) in disallowing deductions in excess of $500; (3) in determining additions in tax under section 294 (d); and (4) in disallowing an exemption of $500 for a dependent in the cases of Jacob and Al. Findings of Fact The petitioners were partners in the partnership known as Mayo Brothers, engaged in the manufacture of underwear. The partnership ceased doing business on July 31, 1946, at which time a corporation took over the operation of the business. A partnership return of income for 1946, on Form 1065, was filed on behalf of Mayo Brothers with the collector of internal revenue for the second district *51 of New York. It was verified by Asher Mayo as a partner and by Julius A. Levine as the person other than a partner who had prepared the return. It reported gross sales of $572,259.50, gross income of $109,672.46 and total deductions of $45,440.19. The net income of $64,232.27 was shown to be distributable 50 per cent to Jacob Mayo and 25 per cent each to Al Mayo and Asher Mayo. The partners filed individual income tax returns for 1946 with the collector of internal revenue for the second district of New York. Each reported his distributive share of the net income of the partnership shown on the partnership return and each claimed a deduction of a proportionate part of charitable contributions shown on the partnership return. Asher claimed an additional deduction of $550 as contributions, a deduction of $539.85 for taxes and a deduction of $470 for travel and entertainment expenses in connection with his business. Jacob claimed an additional deduction for charitable contributions of $1,250, a deduction of $1,301.03 for taxes and a deduction of $625 for travel and entertainment expenses connected with his business. He also claimed an exemption of $3,000 based upon his wife, his son, *52 his two daughters and his mother-in-law. Al Mayo claimed an additional deduction of $580 for charitable contributions, a deduction of $496.97 for taxes and a deduction of $525 for travel and entertainment expenses in connection with his business. He claimed an exemption of $1,500 based upon his wife and his daughter. The Commissioner, in determining the deficiencies, held that the income of the partnership was understated in the amount of $28,612.98 and added $14,306.50 to Jacob's income and $7,153.24 to Al's income and the same amount to Asher's income. He allowed total deductions of $500 to each petitioner and disallowed the additional amounts claimed. He reduced the exemption by $500 in the case of Jacob and in the case of Al. The following amounts of New York income tax were paid by the petitioners during 1946: Asher Mayo, $414.85; Jacob Mayo, $895.03; and Al Mayo, $361.47. Opinion MURDOCK, Judge: It appears that the Commissioner disallowed the deductions and credits for lack of substantiation. It also appears that the books of the partnership were withheld from the Commissioner and he was never able to make an examination of them. The petitioners refused to produce the *53 partnership's books for inspection by the Commissioner because they claim that to do so might incriminate them in connection with tax liabilities for another year or years. They failed to substantiate that claim. Cf. . The evidence indicates that the records were kept on loose-leaf pages so that the evidence pertaining to the taxable year might have been disclosed without disclosing any that pertained to any other year. A failure of proof, whatever the reason, does not help the petitioners in a case like this in which they have the burden of proof on each point. ; , aff'g, ; , cert. den., ; ; . The petitioners are entitled to deductions for the amount of taxes which the record now shows they paid for 1946. No evidence of any kind was offered to show that the Commissioner erred in disallowing exemptions for dependents *54 of $500 in the cases of Jacob and Al or in making the additions to the tax under section 294 (d) (2). His determinations in those respects must stand. Incidentally, that latter determination is based upon the difference between the total tax liabilities shown on the returns filed by the petitioners and the total of the declarations of estimated tax filed by them and is not dependent upon the determination of additional tax made by the Commissioner. Jacob and Asher Mayo did not testify. There is no evidence from them to show that the Commissioner erred in disallowing the deductions claimed as traveling and entertainment expense, the deductions claimed for taxes other than those mentioned above or the deductions claimed for contributions. The only witnesses called were Al Mayo and Julius A. Levine. Al was asked, on direct examination, whether the books and records were under his supervision and whether "every transaction, every sale and every purchase and every item of expense, [was] entered in those books and records for the year 1946." He answered, "Yes." He estimated that he paid from his own funds for travel and entertainment expenses on behalf of the partnership at least $500 *55 or $700 but he did not explain the alleged expenditures further. Cf. . He was asked, upon direct examination, "Did the same situation exist with regard to Asher Mayo and Jacob Mayo with regard to traveling and entertainment?" He answered, "Yes". Levine testified that he prepared the partnership return and individual returns for 1946 and that he obtained the information of the partnership activities from the books of the partnership. He testified that he went through the disbursements listed in the books and found that the charitable contributions claimed on the returns were shown as disbursements on the books and records of the partnership. He also said that he included all of the sales and expenses shown in the books in making up the partnership return. Counsel for the respondent had no way of checking the testimony of either of the witnesses with the books. The testimony of those two witnesses amounts to no more than the verifications which were made to the partnership returns as filed. Such testimony is insufficient to overcome the determinations of the Commissioner in cases of this kind. , aff'd, *56 , cert. den., ; ; , aff'd, , cert. den., ; ; ; and , cert. den., . The Commissioner has allowed a deduction of $500 in each case and the Court can not say from the evidence that he erred in failing to allow more except for the taxes proven. Decision will be entered under Rule 50.